### LASKY FEATURE PLAY CO., Inc., v. SURATT & FOX FILM CORPORATION.

(Supreme Court, Special Term, New York County. July 2, 1915.)

INJUNCTION ☞60—BREACH OF CONTRACT—REMEDY AT LAW.

Where an actress contracted to play an engagement with a motion picture concern, and thereafter failed to fill it, it could not be held, in the absence of proof, that her services before the camera were so unique, extraordinary, or peculiar as to render the picture company's remedy by action at law for breach of the contract inadequate, and to justify the issuance of an injunction restraining her from playing elsewhere, since, before equity can be exercised, it must clearly appear that there is no adequate remedy at law, that damages will be irreparable if equitable relief be withheld, and that the right to the equitable remedy is clearly established by the contract.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 117–119; Dec. Dig. ☞60.]

Action by the Lasky Feature Play Company, Incorporated, against the Suratt & Fox Film Corporation. On plaintiff's motion for an injunction. Denied.

Wise & Lichtenstein, of New York City, for plaintiff.
Rogers & Rogers, of New York City, for defendant.

GOFF, J. Whether the contract contains reciprocal obligations sufficient to sustain an action for breach by either party is a question which should properly be determined by the court in an action at law, and not by the court where its equitable powers are invoked. If there has been a breach by the defendants, or either of them, the remedy is by action at law for damages. Before equity be exercised, it must clearly and satisfactorily appear that there is no adequate remedy at law, that damages will be irreparable if equitable remedy be withheld, and that the right to such equitable remedy is clearly established by the terms of the contract.

While it is claimed by the plaintiff that the services to be performed by the defendant Suratt were unique and extraordinary, it is interesting to note that she herself denies that they are of such a character, and asserts that her "value as a 'star' in a motion picture is absolutely unknown," that she has never "appeared" as such, and that the estimate placed upon her services is purely speculative. In the absence of proof, I will not hold that the services of a person who is engaged to pose before a camera for what is known as a photoplay are either unique or extraordinary, or peculiar to the person posing. The camera does not and cannot reproduce the voice and expression of an individual which would stamp with certainty the identity of the person, such as the voice of a singer or the expression of an actor. Indeed, it is not beyond the bounds of probability that, for the benefit of the guileless public, the enterprising manager could not in an emergency substitute one person to pose for another.

Against neither of the defendants should injunction issue, and the motion is denied.